UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-21619-CIV-GOODMAN

**[CONSENT CASE]**

ALFREDO LASCOUTX,

    Plaintiff,
v.

WELLS FARGO BANK, N.A., as successor
in interest to WACHOVIA BANK, N.A., f/k/a
FIRST UNION N.A. OF FLORIDA,
    Defendant.
_____

## ORDER GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL

This cause is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Strike Demand for Jury Trial. [ECF No. 13]. Plaintiff did not file a response and the time for doing so has now expired. For the reasons below, the Court **GRANTS** Defendant's motion and **STRIKES** Plaintiff's demand for a jury trial in this case.

### I.   INTRODUCTION

This case involves a plaintiff bank depositor who alleges that a former employee of the defendant bank stole approximately $83,000.00 from his account. Plaintiff is proceeding under theories of civil theft, conversion, restitution, and negligent supervision, and he demands a jury trial on the civil theft and negligent supervision claims. [ECF No. 1-1, pp. 7, 9]. Defendant timely removed this case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on May 6, 2011. [ECF No. 1].

Defendant has consistently maintained that Plaintiff is not entitled to a jury trial. [ECF Nos. 4, p. 4 (answer); 8, p. 2 (joint status report)]. For instance, in its answer, Defendant denied

"that the Plaintiff is entitled to a jury trial." The parties also listed in their joint status report that they dispute "whether Plaintiff is entitled to a trial by jury as to some or all of his claims."

On October 21, 2011, Defendant filed its motion to strike Plaintiff's jury trial demand. Defendant contends that Plaintiff "unconditionally waived any right that he may have otherwise had to have this matter tried by a jury" when he executed the Customer Access Agreement and thereby became bound by the Deposit Agreement and Disclosures. [ECF No. 13]. The Defendant attached a copy of these documents to his motion as well as an English translation of the Spanish language Customer Access Agreement. [ECF Nos. 13-1; 13-2].

The Customer Access Agreement provides that a signatory is also bound by the Deposit Agreement and Disclosures:

> **Acceptance of Terms and Conditions:**
>
> I agree to be bound by the terms and conditions including, but not limited to Wachovia's Deposit Agreement and Disclosures, applicable to each product or service which I obtain from Wachovia now or in the future, which terms and conditions will be provided to me. I also agree to pay all fees associated with such products, accounts and services in accordance with the fee schedules which will be provided to me by Wachovia.

[ECF No. 13-2, p. 1].

In turn, the Deposit Agreement provides that it "governs all personal deposit accounts" and that an account holder waives his right to a jury trial on "any dispute or claim concerning [the] account." Specifically:

> **I. DEPOSIT AGREEMENT AND DISCLOSURES**
>
> **A. LEGAL EFFECT OF AGREEMENT**
>
> This Agreement governs all personal deposit accounts established with any Wachovia Bank, National Association, and supersedes any previous deposit agreement. The words "you", "your", and "yours" as used in this Agreement refer to the person(s) who maintain one or more personal deposit accounts with us, including, but not limited to, all owners and signers on the account. The words "we", "us", "our" and "Bank" refer to the Wachovia Bank ("Wachovia") in the state where we maintain your account. By opening, using and/or maintaining an account with us, you agree to the terms and conditions of this Agreement, including the fees and charges listed in the applicable Schedule of Fees and Funds Availability for Personal Accounts, Rate Disclosures and the other account opening materials, which are incorporated herein by reference. This Agreement, the Schedule of Fees and Funds Availability and Rate Disclosures and the Signature Card are part of our legally binding contract with you. For purposes of this Agreement, "Signature Card" refers to the Customer Access Agreement and/or the Deposit Account Application or any other account opening documents that you completed when you established your account. Our deposit relationship with you is that of debtor and creditor and you agree and acknowledge that we are not in any way acting as a fiduciary for you or for your benefit. Depending on the context in which it is used, the term "item" means a check, draft or other written order or instruction for the payment of money or a point-of-sale authorization request, ATM withdrawal, ACH entry or other electronic transaction.

. . .

> 25. **Arbitration of Disputes/Waiver of Jury Trial and Participation in Class Actions.** If either you or we request, any dispute or claim concerning your account or your relationship to us will be decided by binding arbitration under the expedited procedures of the Commercial Financial Disputes Arbitration Rules of the American Arbitration Association (AAA), and Title 9 of the US Code. Arbitration hearings will be held in the city where the dispute occurred or where mutually agreed. A single arbitrator will be appointed by agreement of the parties, or, if the parties are unable to agree, by the AAA and will be a retired judge or attorney with experience or knowledge in banking transactions. Each party will pay its own costs and attorney's fees. A court may enter a judgment on the award. Any statute of repose or limitations period which would provide a defense to a claim brought in a lawsuit in state or federal court will also apply with equal force and effect to any arbitration brought pursuant to this section.
>
> To the extent permitted by law, if any dispute or claim results in a lawsuit, and neither you nor we have elected or requested arbitration, you and we knowingly and voluntarily agree that a judge, without a jury, will decide the case. The arbitration or trial will be brought individually and not as part of a class action. If it is brought as a class action, it must proceed on an individual (non-class, non-representative) basis. YOU UNDERSTAND AND KNOWINGLY AND
>
> VOLUNTARILY AGREE THAT YOU AND WE ARE WAIVING THE RIGHT TO A TRIAL BY JURY AND THE RIGHT TO PARTICIPATE OR BE REPRESENTED IN ANY CLASS ACTION LAWSUIT.

[ECF No. 13-1, pp. 3, 11].

Defendant contends in his motion that the "provision waiving jury trial is conspicuous and written in uppercase letters," that "Plaintiff is a sophisticated customer capable of entering into a contract for personal banking services," that "Plaintiff is a journalist and maintains several bank and investment accounts," that "Plaintiff was not at an extreme bargaining disadvantage with Wells Fargo and could have sought another financial institution at which to maintain his accounts," and that there is no reason Plaintiff could not have had counsel review the agreement

before he signed it. [ECF No. 13, p. 4]. Defendant concludes that, in "light of all the circumstances, it is clear that Plaintiff knowingly, voluntarily, and intelligently assented to [the] terms of the Deposit Agreement and waiver of jury trial contained therein."

Defendant indicates in its motion that Plaintiff opposes the striking of his jury demand. But as noted above, Defendant did not respond to the motion, despite having the opportunity to do so. There is therefore nothing in the record to contradict Defendant's characterization of the circumstances in which the waiver was executed.

## II. LEGAL STANDARDS

### a. THE LOCAL RULES

Southern District of Florida Local Rule 7.1(c) states that: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. *Failure to do so may be deemed sufficient cause for granting the motion by default*." (emphasis added).

### b. WAIVER OF THE RIGHT TO A JURY TRIAL IN CIVIL CASES

The Seventh Amendment to the United States Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

Nonetheless, a "'party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary.'" *Oglesbee v. Indymac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1157 (S.D. Fla. 2009) (quoting *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006)).

Courts consider the following five factors when determining whether a waiver was knowing and voluntary:

> (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *Id.* A court can consider these factors, but they are not determinative.

*Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010) (citing *Allyn v. Western United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla.2004)).

### III.   ANALYSIS

Because Plaintiff did not respond to Defendant's motion to strike, the Court *could* grant Defendant's motion by default. The Court need not grant the motion by default, however, and will not do so here. The reality is that Defendant made several representations that neatly correspond to the factors the Court is required to evaluate and, given the lack of a response, there is nothing in the record to contradict these representations.

For instance, Defendant represented in its motion that the waiver is conspicuous, that Plaintiff is a sophisticated journalist capable of entering into personal banking contracts, that Plaintiff was not at an extreme bargaining disadvantage when entering into this agreement, and, if in fact Plaintiff did not have counsel review the agreement before he signed it, that there is no reason Plaintiff could not have done so.

None of these allegations are contradicted by the record and the Court is able to verify independently only the representation regarding conspicuousness. Therefore, except for conspicuousness, the Court will accept as true for the purposes of this motion Defendant's relevant representations. *Cf.* S.D. Fla. L. R. 7.5(d) (providing that a moving party's factual statements will be taken as true "unless controverted by the opposing party's statement");

*Oglesbee*, 675 F. Supp. 2d at 1158 (noting that a court cannot find that a boilerplate contract was non-negotiable "absent a showing that the party opposed the jury trial waiver at the time of signing or that the drafters refused to consider an alternative to the existing provision").

As to the remaining consideration, the Court finds that the jury trial waiver is conspicuous. The waiver is not buried inside a lengthy paragraph. It is instead primarily positioned at the top of a page, is written in all uppercase letters, and is preceded on the same page with a bolded title, "**Arbitration of Disputes/Waiver of Jury Trial and Participation in Class Actions**." In particular, the all uppercase letter format makes the provision relatively more noticeable in the agreement because the majority of the agreement is in small font and written using a standard combination of lower and uppercase letters.

The waiver is also easy to read and is not ambiguous. It clearly and unequivocally states that both parties to the agreement "WAIV[E] THE RIGHT TO A TRIAL BY JURY." *See Oglesbee*, 675 F. Supp. 2d at 1158 (a waiver is conspicuous if it is clear, easy to read, and set off in some way from the other text); *Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 05-60033-CIV-MARRA/JOHNSON, 2007 WL 965590, at *2 (S.D. Fla. Mar. 28, 2010) (upholding jury trial waiver in favor of multimillion dollar residential management company against a cosmetologist single mother where waiver "was just as visible and in the same size font as every other provision of the contract . . . [and where] [n]o evidence is presented of any extreme bargaining disadvantage or" that the mother could not have simply walked away from the deal). The waiver is also similar to the waiver the Eleventh Circuit concluded was conspicuous in *Jaffe v. Bank of America, N.A.*, 395 F. App'x 583, 586 (11th Cir. 2010) (waiver reading in pertinent part that "THE PARTIES TO THIS AGREEMENT WAIVE TRIAL BY JURY").

## IV.     CONCLUSIONS

After a review of the available record materials, the Court concludes that Plaintiff's waiver of his right to a trial by jury on his civil theft and negligent supervision claims was knowing and voluntary. Therefore, Defendant's motion is **GRANTED** and the Court **STRIKES** Plaintiff's demand for a jury trial in this case.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 16th day of November, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record